# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV411-151 |
| UNIVERSAL MOTOWN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In *Robbins v. Island Def Jam Music Group*, CV410–208 doc. 34, 2011 WL 2412744 (S.D. Ga. Jun. 9, 2011), *adopted*, doc. 44 (S.D. Ga. Jun. 17, 2011), this Court explained to plaintiff Kelvin J. Robbins that he could not sue others for "stealing" his music unless he could plead an indispensable legal prerequisite -- that he had registered the copyright to his music prior to filing his case. *Robbins*, 2011 WL 2412744 at * 2 ("Again, a valid registration is a precondition to suit. 17 U.S.C. § 411 (subject to an irrelevant exception, 'no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.')").

Despite that clear recitation, Robbins has filed another copyright lawsuit, this time against different defendants, but advanced with same flaw: No copyright registration. Doc. 1. And, as he has now done many times in the past, he asks the taxpayers to cover his $350 filing fee by moving for leave to file this case *in forma pauperis* (IFP). Doc. 2. He claims he has no money and living off of his mother. *Id.* at 2. But his music is very valuable, he insists. *Id.*

For jurisdictional purposes only, the Court **GRANTS** plaintiff's IFP motion, doc. 2, applies the same dismissal standards set forth in *Robbins*, 2011 WL 2412744 at * 1, and concludes that this case, too, must be dismissed as frivolous. Yet, more is required here. In *Robbins v. Chatham County Courthouse*, CV411–052, 2011 WL 1151993 (S.D. Ga. Mar. 9, 2011) the Court noted that by then Robbins had filed his

> fifth *in forma pauperis* case . . . since September 9, 2010. *See Robbins v. Social Security*, No. CV411–035 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. City of Savannah*, No. CV411–034 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Roland Corp.*, No. CV411–033 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Def Jam Records*, No. CV410–208 (S.D. Ga. filed Sept. 9, 2010). The undersigned ha[d] already recommended that this case and another, CV411–034, be dismissed as frivolous. Robbins [was thus] warned that he [was] traveling down a dangerous road should he continue to flood this Court with baseless lawsuits and abuse the privilege of proceeding IFP. If he continue[d] to burden the Court with frivolous filings, he [risked losing] his right to proceed IFP without first posting a frivolity

2

> bond. *See Wilkerson v. Statesboro Police Dep't*, 2009 WL 4609603 at
> * 2 (S.D. Ga. Dec. 2, 2009) (requiring a litigant to post a $100
> frivolity bond before filing suit which she forfeits should her suit be
> dismissed as frivolous). Should he persist beyond that point, even
> more severe sanctions may be contemplated. Such bullheaded,
> abusive litigants may face a fine and a period of imprisonment for
> contempt of court. *See* 18 U.S.C. §§ 401 & 402.

*Id.* at * 1.

The Court warned plaintiff *again* in *Robbins v. Roland Corp.*, 2011 WL 1558893 at * 2 (S.D. Ga. Mar. 16, 2011), *adopted*, 2011 WL 1557877 (S.D. Ga. Apr. 25, 2011)). Yet, he has persisted. Other citizens must get up and go to work each day; Robbins spends his days scribbling frivolous claims on Court-supplied form complaints. He wastes the very public resources those taxpayers support. Sanctions are thus warranted.

Hence, this case should not only be **DISMISSED WITH PREJUDICE**, but for the next six months Robbins should be barred from filing any more lawsuits until he first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that he files. And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir.2009) (court executive committee's order directing destruction of any papers submitted either

3

directly or indirectly by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts).[1] No litigant may clog this Court with repeated, frivolous filings. *Wilkerson*, 2009 WL 4609603 at * 2.

**SO REPORTED AND RECOMMENDED** this  27th  day of June, 2011.

<span style="text-align: right; display: block;">_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA</span>

---

[1] The *Chapman* court distinguished *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), which disapproved of a similar order entered by this Court imposing a permanent bar on an abusive prisoner litigant.

4