UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KELVIN J. ROBBINS,

Plaintiff,

v.     4:11-cv-151

UNIVERSAL MOTOWN, et al.,

Defendants.

### ORDER

The Court dismissed *pro se* Plaintiff Kelvin Robbins's ("Robbins") copyright infringement case because he had not registered any copyright prior to filing. *See* Docs. 4; 8; 9. The Court later denied Robbins's motion to reopen. *See* Doc. 11. Robbins has now filed a "Motion for Consideration to Re'Open Case." *See* Doc. 12. The Court construes Robbins's motion as one for reconsideration.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

"The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments . . ." *Id.* at 1223. "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Groover*, 90 F. Supp. 2d at 1256.

Robbins's "motion" is almost incomprehensible. *See* Doc. 12; *see also* Docs. 13; 14. Only after a careful and liberal reading can the Court discern any proposed grounds for relief.

This Court adopted the Magistrate Judge's recommendation, barring Robbins from filing any more lawsuits for six months unless he first posted a $100 frivolity bond. *See* Docs. 4; 8. Robbins seems to base the Court's reopening of this case on his bond postage and citation to another of his cases. *See Robbins v. Usher Raymond, IV, et al.*, 4:11-cv-193 (S.D. Ga. Aug. 2, 2011). Yet, Robbins's bond postage has no effect on this Court's order dismissing this case for failure to register his copyright before filing.

Robbins apparently argues that he has now registered his work. *See* Doc. 12 ("Demonstrating an oppropriate S R u 1-047-271 Claim Number Registration Number for the Claim Plaintiff's Own's").

The Eleventh Circuit requires actual registration of the copyright before the filing of a copyright infringement action. *See Marc Anthony Builders, Inc. v. Javic Props., LLC.*, 2011 WL 2709882, at *3 (M.D. Fla. July 12, 2011) (stating that plaintiff must have obtained a certificate of registration before filing suit); *see also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990).

This Court dismissed Robbins's complaint *with prejudice*. *See* Docs. 4; 8; 9.

Courts have rejected attempts to plead or demonstrate registration *after* the court has made a final ruling. *See Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1372-73 (S.D. Fla. 2011) (rejecting attempt to amend complaint where plaintiff obtained registration after the court's grant of summary judgment for defendants); *Robbins v. Island Def Jam Music Grp.*, 2011 WL 2412744, at *2 (S.D. Ga. June 9, 2011) (suggesting that registration is a precondition and late registration is not allowed); *cf. M.G.B. Homes*, 903 F.2d at 1489 (allowing amendment of complaint to plead registration where court dismissed original complaint *without prejudice* for plaintiff to file new complaint).

Robbins's present motion comes over six months after the Court's dismissal of this action. This Court rejected Robbins's prior, belated attempt to argue that he has registered his copyright. *See* Doc. 11. Robbins notably has not attached a certificate of registration to his latest motion.

Robbins does not otherwise allege that the Court made a clear error of law or there has been an intervening change in the law. Ultimately, Robbins has not demonstrated entitlement to the "extraordinary remedy" of reconsideration. Therefore, his motion for reconsideration is **DENIED**.

## CONCLUSION

Robbins's motion for reconsideration, *see* Doc. 12, is **DENIED**.

This 6th day of March 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA